UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSTANCE HADDAD,

               Plaintiff,                            Hon. Janet T. Neff

v.                                          Case No. 1:17-CV-560

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this matter against the Equal Employment Opportunity Commission (EEOC) and others seeking various relief.  As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Having conducted this review, the undersigned recommends that this matter be dismissed for failure to state a claim.

## BACKGROUND

Plaintiff initiated this action against the EEOC, Michigan National Bank, Michigan State University, Adecco, the American Cancer Society, the United States Attorney General, and the Michigan Attorney General.  The following allegations are contained in Plaintiff's complaint.

In December 2015, Plaintiff began receiving Social Security benefits.  Plaintiff "believes the Dollar Amount of the Social Security Benefits she receives is too low due to the previous wrongful acts of Employment Discrimination and/or Retaliation" by Michigan National Bank, Michigan State

University, Adecco, and the American Cancer Society.  Plaintiff subsequently filed with the EEOC complaints alleging discrimination and retaliation against Michigan National Bank, Michigan State University, Adecco, and the American Cancer Society.  In May 2016, the EEOC notified Plaintiff in writing that it had dismissed Plaintiff's complaints because they were either untimely filed or not found to possess merit.  Plaintiff attempted without success to persuade the EEOC to reconsider its determination and investigate her claims.  Plaintiff further alleges that "the murder of her brother, Paul Charles Haddad, is 'connected conduct' with her Employment Discrimination claims and/or with her Retaliation claims."  Specifically, Plaintiff asserts that "the people who have been Retaliating against her also 'set up' Paul's work-related problems and murder."

Plaintiff requests the following relief: (1) a writ of mandamus compelling the EEOC to "correctly" process and investigate her claims; (2) entry of a "Financial Injunction" compelling "one or more" Defendants to "restart[] her pay" such that her Social Security benefits increase by "at least $1,000.00 per month until accurate Dollar Amounts can be determined"; (3) entry of an Order compelling "the relevant Police Departments" to investigate the murder of her brother; (4) entry of an Order "which enables Police Officers to accept from any Charging Party, a Charge of Discrimination. . .and to then, forward the Charge to the EEOC and to the Employer."

## LEGAL STANDARD

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 545 (2007).  The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

First, mandamus is not an available remedy where a party simply disagrees with the EEOC's assessment or evaluation of her claims of discrimination.  *See, e.g., Martin v. United States Equal Employment Opportunity Commission*, 19 F.Supp.3d 291, 302-04 (D.D.C. 2014); *McCain v.*

*United States*, 2015 WL 1221257 at *25 (D. Vt., Mar. 17, 2015) (same). As for Plaintiff's request for injunctive relief, Plaintiff has failed to demonstrate entitlement to such relief. *See, e.g., Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). While the Court is sympathetic to Plaintiff's desire to see her brother's killer brought to justice, the Court lacks the authority to compel the investigation of such. Finally, Plaintiff's request that the police become agents of the EEOC is likewise beyond the authority of the Court and instead would require action by the legislative and/or executive branches of government.

## <u>CONCLUSION</u>

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 6, 2017

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

-4-